IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TROY C. VAUGHAN,

    Petitioner,

v.                                    Case No. 3:18cv141-LC/CAS

JULIE L. JONES, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On January 16, 2018, Petitioner Troy C. Vaughan, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On April 24, 2018, Respondent filed an answer, with attachments.  ECF No. 6.  On May 23, 2018, Petitioner filed a reply.  ECF No. 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  See Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## Procedural Background

Petitioner Vaughan is an inmate housed in the Florida Department of Corrections (DOC), serving sentences imposed by the Broward County Circuit Court in case numbers 91-3245 and 91-5987, for offenses committed February 19, 1991, and February 18, 1991, respectively, as well as sentences imposed by the St. Lucie County Circuit Court in case number 91-352, for offenses committed February 13, 1991. ECF No. 6 at 3-4. On October 23, 2007, DOC released Vaughan on conditional release. *Id.* at 5; *see* ECF No. 6-1 at 5.

On March 28, 2008, the Florida Parole Commission (FPC) (now known as the Florida Commission on Offender Review (FCOR)) issued a Warrant for Retaking of the Conditional Releasee. ECF No. 6-2 at 1-2. The FPC determined Vaughan's conditional release should not be revoked and restored him to conditional release supervision by order on June 18, 2008. ECF No. 6-2 at 5.

On May 11, 2010, FCOR issued another Warrant for Retaking of the Conditional Releasee. ECF No. 6-2 at 20. Vaughan returned to DOC custody on May 20, 2010. *Id.*; *see* ECF No. 6 at 7. Vaughan's conditional release supervision was revoked effective April 5, 2010. ECF No. 6-2 at 21, 22. Based on the revocation and pursuant to section 944.28(1), Florida

Statutes, DOC forfeited all the gain time Vaughan had earned prior to his conditional release. ECF No. 6-1 at 8.

On or about May 26, 2015, Vaughan filed an Inmate Request regarding the application of sections 944.28, 947.141, and 944.275, Florida Statutes, "to permit the forfeiture of a prisoner's grant of basic gain-time due to violations of conditional release." ECF No. 6-2 at 44. His complaint was denied as was his request for administrative remedy or appeal. *See id.* at 37-46.

Thereafter, on October 29, 2015, Vaughn filed a petition for writ of habeas corpus in the Jackson County Circuit Court, challenging the forfeiture of his gain time. ECF No. 6-2 at 23-35. In an order dated August 16, 2016, the circuit court denied the petition on the merits. *Id.* at 67-72. Vaughan then filed a petition for writ of certiorari in the First District Court of Appeal (First DCA), assigned case number 1D16-4188. *Id.* at 73-93. The DOC filed a response. *Id.* at 94-111. On February 20, 2017, the First DCA denied the petition on the merits, without a written opinion. *Id.* at 112.

In his § 2241 petition, filed January 16, 2018, Petitioner Vaughan raises one ground: "The Florida Department of Corrections violated the Petitioner's right to due process guaranteed under the Fourteenth Amendment of the U.S. Constitution by forfeiting his basic gain time, which

does not meet the definition of being 'earned' as provided for in section 944.275, Florida Statutes, as being 'earned' gain time under sections 944.28 and 947.141, Florida Statutes." ECF No. 1 at 5. Respondent has filed an answer, with attachments. ECF No. 6. Vaughn has filed a reply. ECF No. 10.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See* United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213.

A state prisoner may seek federal habeas review of the loss of gain time. *See, e.g.*, Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843 (11th Cir. 2011). Although Petitioner Vaughan filed this habeas petition pursuant to 28 U.S.C. § 2241, his petition is governed by both § 2241 and § 2254. *See* Medberry v. Crosby, 351 F.3d 1049, 1063 (11th Cir. 2003) (holding that both § 2241 and § 2254 apply to habeas corpus petitions filed under

§ 2241 where petitioner "is in custody pursuant to the judgment of a state court" and a § 2241 petition is governed by the restrictions in 28 U.S.C. § 2254); Smith, 432 F. App'x at 844-45 (citing Medberry and involving § 2241 petition challenging disciplinary reports that resulted in loss of gain time).

Petitioner Vaughan is not entitled to federal habeas relief in this case. First, as Respondent points out, Vaughan's petition is untimely. *See* ECF No. 6 at 15-17. Second, even considering the petition as timely, under the deferential federal habeas review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see* Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011). Petitioner Vaughan has not made this showing, as explained in detail below.

## Untimely Petition

Under the AEDPA, there is a one-year limitations period for filing a

federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). In particular, the statute provides:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

As Respondent indicates, Vaughn challenges the DOC's forfeiture of his "basic" gain-time upon revocation of his conditional release effective

April 5, 2010.  Thus, in this case, section 2244(d)(1)(D) appears applicable, with the factual predicate involving the date Vaughan knew or shown have known his gain-time would be forfeited following the revocation of his conditional release supervision.  Vaughn alleges he did not know about the gain-time forfeiture until April 2015.  Nevertheless, at all relevant times, the statute, section 944.28(1), Florida Statutes, provided for the forfeiture of all gain-time as a consequence of the revocation of conditional release.  Accordingly, Vaughn's 2015 challenge to his 2010 gain-time forfeiture is untimely and this § 2241 petition may be dismissed on this basis.

## No Relief Warranted on Merits

If the merits of the case are considered, the § 2241 petition should be denied.  The state trial court denied Vaughan's petition for writ of habeas corpus.  ECF No. 6-2 at 67-72.  The court made detailed findings concerning gain time and Vaughan's incarceration history:

> Gain-time is generally determined by the law in effect at the time the inmate committed his underlying offenses.  *See* Winkler v. Moore, 831 So. 2d 63, 66 (Fla. 2002); *[s]ee* Gomez v. Singletary, 733 So. 2d 4999 (Fla. 1998); *[s]ee* Young v. Moore, 820 So. 2d 901 (Fla. 2002).  If an inmate violates conditional release and it is revoked, his or her gain-time is subject to forfeiture pursuant to sections 944.28(1) and 947.141(4), Florida Statutes.
>
> Petitioner committed his underlying offenses in February and March 1991.  At the time, section 944.28(1), Florida Statutes (1989) provided:

> If a prisoner is convicted of escape, or if the clemency, **conditional release** as described in chapter 947, probation or community control as described in chapter 948.01, provisional release as described in s. 944.277 or parole granted to him is revoked, the department **may, without notice or hearing, declare a forfeiture of all gain-time earned** according to the provisions of law by such prisoner prior to such escape or his release under such clemency, conditional release, probation, community control, provisional release, or parole. (emphasis added).

Section 944.28(1), Florida Statutes (1989).  Basic gain-time is earned gain-time under section 944.28, Florida Statutes and therefore, subject to forfeiture upon revocation of release.  *See* Singletary v. Jones, 681 So. 2d 836 (Fla. 1st DCA 1996).

Petitioner was received by the Florida Department of Corrections on November 6, 1991, having been sentenced in the Circuit Court of Broward County on November 1, 1991, for the following:

> Case Number: 91-3245, counts 2, 3, and 4
> Term:  Counts 2, 3, and 4:  Thirty (30) months less 267 days as credit for time incarcerated prior to imposition of this sentence, concurrent with Broward County Cases 91-9216 and 91-5987.
> Offense:    Count 2:  Dealing in Stolen Property
>                   Count 3:  Burglary (conveyance)
>                   Count 4:  Grand Theft
> Date of Offense: Count 2:  February 19, 1991
>                   Counts 3 and 4: February 18, 1991
>
> Case Number:  91-5987
> Term:  Thirty (30) months less 267 days as credit for time incarcerated prior to imposition of this sentence, concurrent to Case 91-3245.
> Offense:  Battery on Law Enforcement Officer

Date of Offense:  March 22, 1991

Case Number:  91-9216, Counts 1 and 2
Term:  Counts 1 and 2:  Thirty (30) months less 267 days as credit for time incarcerated prior to imposition of this sentence, concurrent to Cases 91-3245 and 91-5987.
Offense:   Count 1:  Burglary (Dwelling)
          Count 2:  Grand Theft

On November 18, 1991, Petitioner was released to the officials of St. Lucie County returning to the Department's custody on April 7, 1992 after having been sentenced on March 6, 1992, as follows:

Case Number:  91-352, Counts 1, 2, 3, 4, 5, 6, 8, 9, 10, 11
Term:  Counts, 1, 2, 3, 4, 5, 6, and 8:  Thirty (30) years less 337 days as credit for time incarcerated prior to imposition of this sentence, with a 3-Year Firearm Minimum Mandatory, pursuant to Section 775.087(2), Fla. Stat., counts 2, 3, 4, 5, 6, and 8 concurrent to Count 1.
Counts 9 and 10:  Five (5) years less 337 days as credit for time incarcerated prior to imposition of this sentence, Counts 9 and 10 concurrent to Count 1.
Count 11:  Fifteen (15) years less 337 days as credit for time incarcerated prior to imposition of this sentence, with a 3-Year Firearm Minimum Mandatory pursuant to Section 775.087(2), Fla. Stat., concurrent to Count 1.
Offense:  Counts 1 and 2:  Attempted First Degree Murder with a Firearm
Counts 3 and 4:  Robbery with a Firearm
Counts 5 and 6:  Kidnapping with a Firearm
Count 8:  Armed Burglary of a Dwelling with a Firearm
Counts 9 and 10:  Grand Theft

      Count 11:  Aggravated Battery with a Firearm
      Date of Offense:  February 13, 1991, as to each
           count

     The court was "silent" as to how the terms imposed in St. Lucie County Case 91-352 were to run to the already imposed sentences in Broward County Cases 91-3245, 91-5987, and 91-9216.

     On July 16, 1992, Petitioner was released to the officials of Lake County returning to the Department's custody on August 25, 1992 after having been sentence on August 13, 1992 as follows:

      Case Number:  90-1820, Count 2
      Term:  Count 2:  Five (5) years less 341 days as
           credit for time incarcerated prior to imposition
           of this sentence, concurrent to any active
           sentence.
      Offense:  Possession Short Barrel Shotgun

     The Florida Commission on Offender Review ("Commission") identified Vaughan's Broward County Case 91-5987 (Thirty (30) months less 267 days credit) and St. Lucie County Case 91-352 (Thirty (30) Years less 337 days credit) as qualifying for Conditional Release Supervision.

ECF No. 6-2 at 67-70.  The court explained Vaughan's history on

conditional release supervision, including the revocation:

    The Commission revoked Petitioner's Conditional Release effective April 4, 2010.  At the time of revocation, Petitioner still had 358 days remaining to be served in Broward County Case 91-5987 and 5,066 days remaining to be served in St. Lucie County Case 91-352 which is equivalent to the gain-time he had received to reduce his sentences prior to release.

     Pursuant to section 944.28(1), Florida Statutes, upon revocation of Conditional Release Supervision, all Petitioner's

> gain-time was forfeited. Basic gain-time is earned gain-time under section 944.28, Florida Statutes and therefore, subject to forfeiture upon revocation of release, including basic gain-time. *See* Singletary v. Jones, 681 So. 2d 836 (Fla. 1st DCA 1996). In Dowdy v. Singletary, 704 So. 2d 1052, 1053-1054 (Fla. 1998), the Florida Supreme Court noted that inmates completed their sentences in full only after successful completion of supervision. Furthermore, as a result of the legislative changes, the Department had statutory authority to forfeit gain-time if supervision was revoked due to a violation of its terms. *Id.* Also the court recognized that "the retention of an inmate's gain time is now dependent not only upon satisfactory behavior while in prison but also upon satisfactory behavior while under supervision after release." Dowdy, 704 So. 2d at 1054.

*Id.* at 70-71. The court cited Duncan v. Moore, 754 So. 2d 708 (Fla. 2000), and explained the Florida Supreme Court there clarified its decision in Dowdy, confirming the Dowdy holding applies to both control and conditional release. ECF No. 6-2 at 71. In Duncan, the Florida Supreme Court specifically addressed the issue of gain-time forfeitures due to revocation of conditional release and stated that an inmate does not have a vested liberty interest in awarded gain-time, only a "conditional interest," because the retention of gain-time, when released to supervision, is contingent upon an inmate's successful completion of the supervision. 754 So. 2d at 712. The state trial court concluded Vaughan had not shown entitlement to habeas corpus relief:

> Petitioner violated conditional release supervision and it was subsequently revoked. Based on the date of his offenses,

> all Petitioner's gain-time was subject to forfeiture as a result of the violation pursuant to sections 944.28(1) and 947.141(4), Florida Statutes (1989). Therefore, the Department complied with these provisions and properly forfeited all Petitioner's gain-time, including basic gain-time. Petitioner's rights of due process were not violated by the forfeiture of his gain-time. Petitioner is not eligible for immediate release.

ECF No. 6-2 at 71.

Petitioner Vaughan here argues that DOC violated his due process rights by forfeiting his "basic" gain time, which he asserts "does not meet the definition of being 'earned' as provided for in section 944.275, Florida Statutes, as being 'earned' gain time under sections 944.28 and 947.141, Florida Statutes." ECF No. 1 at 5. This ground does not present a federal claim; rather, it concerns the interpretation of Florida law by Florida agencies and courts. "'[S]tate court construction of state law is binding on federal courts entertaining petitions for habeas relief.'" Beverly v. Jones, 854 F.2d 412, 416 (11th Cir. 1988) (quoting Tyree v. White, 796 F.2d 390, 392-93 (11th Cir. 1986)). "[A] state's interpretation of its own laws and rules provides no basis for federal habeas relief since no question of a constitutional nature is involved." Id.; see Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1355 (11th Cir. 2005) ("It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts

should not second-guess them on such matters.'" (quoting <u>Agan v. Vaughn</u>, 119 F.3d 1538, 1549 (11th Cir. 1997))).

Moreover, to the extent Vaughan may be arguing that the state's construction of its statutes violates his right to due process, his argument lacks merit. Vaughan was placed on conditional release and the consequences of his failure to abide by the conditions of his conditional release, including the forfeiture of gain-time, occurred in accordance with state law. In particular, consistent with the state trial court's determination, as explained in <u>Logan v. McNeil</u>, No. 5:06cv10-SPM/EMT, 2009 WL 595922 at *7 (N.D. Fla. Mar. 6, 2009), "Petitioner had only a conditional interest in his gain time upon his release on conditional release supervision; he did not have a vested liberty interest in that gain time" and he "could retain his gain time only if he complied with the conditions under which it was given." The court in <u>Logan</u> further explained:

> [A]lthough Florida Statutes § 944.28(1) provides that the DOC may, without notice or hearing, declare a forfeiture of all gain-time earned by a prisoner prior to his release on conditional release supervision if his condition release is revoked, Florida law expressly provides that prior to revocation of conditional release, a releasee must be afforded an opportunity for a hearing. *See* Fla. Stat. § 947.141(3) (2008). If the releasee elects to proceed with a hearing, Florida law provides that he must receive written notice of the following: (1) the alleged violation with which he is charged, (2) his right to be represented by counsel, (3) his right to be heard in person, (4) his right to secure, present, and compel the attendance of

> witnesses, (5) his right to produce documents on his own behalf, and (6) his right of access to all evidence used against him and to confront and cross-examine adverse witnesses. *Id.* At the revocation hearing, the State must present competent, substantial evidence that the releasee indeed violated the conditions of his supervision. See Tedder v. Parole Comm'n, 842 So. 2d 1022, 1025-26 (Fla. 1st DCA 2003). After the hearing, the presiding official must make findings of fact, and two members of the Commission must enter an order determining whether the charge has been sustained. See Fla. Stat. § 947.141(4) (2008). If the charge is sustained, the Commission may revoke conditional release and return the releasee to prison to serve the remainder of the sentence imposed. *Id.* Only then is the releasee's previously earned gain-time forfeited. Fla. Stat. §§ 947.141(6), 944.28(1) (2008).

*Id.* The court concluded "[t]his statutory process complies with the due process requirements set forth by the Supreme Court as applicable to parole revocation proceedings." *Id.* at *8 (citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972)); *see* Layne v. Crews, No. 3:13cv93-LAC/EMT, 2013 WL 5730481 at *3 (N.D. Fla. Oct. 22, 2013) (order adopting report and recommendation to deny § 2254 petition and report and recommendation explained, in part: "The Eleventh Circuit has not decided whether a State's forfeiture of an inmate's gain time, once a prisoner's release is revoked because of a violation of its conditions, violates federal law. However, the Eleventh Circuit has rejected this argument in the context of federal parole." (citing Lambert v. Warden, U.S. Penitentiary, 591 F.2d 4, 8 (5th Cir. 1979))).

Other orders of this court are also consistent with the state court's determination. As this court has explained, the express language of section 944.28(1), Florida Statutes, places a conditional releasee on notice that DOC can forfeit previously earned gain time if conditional release is revoked. *See, e.g.,* Layne, No. 3:13cv93-LAC/EMT, 2013 WL 5730481 at *3 (order adopting report and recommendation to deny § 2254 petition challenging forfeiture of gain time by DOC after revocation of probation). In particular, as the court explained in Layne:

> Effective in 1988, [prior to Vaughan's commission of the crimes in this case,] Florida's gain time forfeiture statute was amended to allow FDOC to forfeit, without notice or hearing, in the case of a prisoner whose probation [or conditional release] was revoked, all gain time earned prior to his release on probation [or conditional release]. Florida Statutes Section 944.28(1) provides:
>
>> (1) If a prisoner is convicted of escape, or if the clemency, conditional release as described in chapter 947, probation or community control as described in chapter 948 . . . granted to him is revoked, the department may, without notice or hearing, declare a forfeiture of all gain-time earned according to the provisions of law by such prisoner prior to such escape or his release under such clemency, conditional release, probation . . . .
>
> Fla. Stat. § 944.28(1) (1988). The retention of gain time is dependent not only upon satisfactory behavior while in prison but also satisfactory behavior while under supervision after release. Petitioner could thus retain his gain time only if he complied with the conditions under which it was given. Therefore, Petitioner had only a conditional interest in his gain time upon his release on probation [or community control]; he

did not have a vested liberty interest in that gain time. The statute itself placed Petitioner on notice of such.

*Id.* at *4 (citations to cases omitted).

Petitioner Vaughan has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, his habeas corpus petition should be denied.

## Conclusion

Based on the foregoing, Petitioner Troy Vaughan is not entitled to federal habeas relief. The § 2241 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

Therefore, it is respectfully **RECOMMENDED** that Petitioner's § 2241 petition, ECF No. 1, be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 20, 2018.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**